UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOSEPH WAYNE EVANS, JR.,

        Petitioner,

v.                                                      Case No. 15-cv-991-pp

GARY BOUGHTON,

        Respondent.

---

**ORDER ADOPTING MAGISTRATE JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 29), DENYING PETITION FOR WRIT OF *HABEAS CORPUS* (DKT. NO. 1), DISMISSING CASE AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

---

**I.    Background**

On August 18, 2015, the petitioner, representing himself, filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2254, challenging his December 1, 2014 judgment of conviction in Marinette County Circuit Court for first-degree intentional homicide and criminal damage to property. Dkt. No. 1. Simultaneously, the petitioner filed a motion to appoint counsel. Dkt. No. 2. He paid the $5.00 filing fee. Two weeks later, this court screened the petition, denied the petitioner's request for counsel and ordered the respondent to answer. Dkt. No. 5. The court's screening order identified potentially meritorious grounds for *habeas* relief, including possible due process violations and ineffective assistance of both trial and appellate counsel. Id.

In 2018, this court referred the case to Magistrate Judge William E. Duffin for a report and recommendation. Dkt. No. 27. On October 10, 2018, Judge Duffin issued a decision recommending that this court deny the petition

1

and deny a certificate of appealability. Dkt. No. 28. The recommendation advised the petitioner that he needed to file written objections within fourteen days of the date he was served with the recommendation. Dkt. No. 28 at 36. To date, the court has not received any objections to the recommendation. This court agrees with Judge Duffin's recommendation, adopts it and dismisses the petition.

II. **Analysis**

  A. Standard of Review

The Federal Rules of Civil Procedure apply to *habeas* petitions filed under 28 U.S.C. §2254. See Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. Under Fed. R. Civ. P. 72(b), if a party does not object to a magistrate judge's report and recommendation, the district court reviews the recommendation for clear error. Fed. R. Civ. P. 72(b); Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999) (citations omitted). Because the petitioner has not filed any objections, this court's only task is to determine whether Judge Duffin's report and recommendation is clearly erroneous.

  B. Judge Duffin's Report and Recommendation (Dkt. No. 28)

Judge Duffin's recommendation succinctly recounted the relevant background of the petitioner's conviction:

> On the morning of July 26, 2008, a Marinette County Sheriff's Deputy served [the petitioner] with a temporary restraining order that [the petitioner's] wife, Dina, had obtained against him. (ECF No. 16-2 at 47 (all citations reflect ECF pagination).) Dina sought the temporary restraining order because [the petitioner] said he was "going to get a gun and put her six feet under." (ECF No. 16-2 at 47.) Less than twelve hours later, [the petitioner] shot and killed Dina.
>
> Following a jury trial in September 2009, where his defense was that the shooting was an accident, [the petitioner] was convicted of first-degree intentional homicide and sentenced to life in prison

2

without the possibility of extended supervision. (ECF No. 16-2 at 37-45)

Dkt. No. 28 at 1-2.

Judge Duffin described the subsequent proceedings in the Wisconsin state courts, including the petitioner's direct appeal, his Knight petition for a writ of *habeas corpus* and his two motions for post-conviction relief under Wis. Stat. §974.06. Id. Judge Duffin then summarized the applicable standard under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), noting he could grant *habeas* relief only if he found (1) that the state court's decision was contrary to or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or (2) that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Id. at 10 (quoting Miller v. Smith, 765 F.3d 754, 759-60 (7th Cir. 2014)).

1. *Ground One: Lorea Saunier "Other Acts" Evidence*

Judge Duffin recounted that

> [t]he trial court permitted the state to admit evidence that, when [the petitioner] was 18-years-old, he battered his then-13-year-old girlfriend, Lorea Saunier, threatened a male whom he suspected of being interested in her, shot off his finger when he thought Lorea would break up with him, and attempted suicide when she did break up with him.

Dkt. No. 28 at 10 (citing Dkt. No. 1 at 7). The first ground of the petitioner's petition argued that in admitting this evidence, the state court violated his right to due process.

Judge Duffin said that he could not locate where the petitioner had fairly presented this claim as a federal constitutional claim to the Wisconsin state

3

courts. Id. at 11. Even ignoring this "fundamental defect," Judge Duffin found the trial court's ruling to be a reasonable exercise of discretion because "by showing past instances of [the petitioner's] violent reaction to the prospect of losing a partner, it tended to rebut [the petitioner's] defense that he accidentally shot Dina." Id. This court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

2. *Expert Testimony*

Judge Duffin next observed that the petition argued that the trial court had erred by allowing expert testimony in violation of the petitioner's due process rights. Id. at 12. Judge Duffin observed that "[t]he trial court permitted the state to introduce the opinion of an expert who testified that women who leave domestic abusers are at a much higher risk of being killed or the victim of the most severe kinds of violence." Id. at 12 (citing Dkt. No. 1-2 at 41).

After examining the substance of the expert's testimony, Judge Duffin concluded that the petitioner had not "fairly present[ed] this claim in terms of an alleged denial of a federal constitutional right" in the state courts. Id. at 14. He also found the trial court's decision to allow the testimony a reasonable exercise of discretion that did not violate due process. Id. This court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

3. *Ineffective Assistance of Trial Counsel—Plea Offer*

The next ground of the petition alleged "that [the petitioner's] attorney did not tell him that the state prosecutor offered to reduce the charge to first-degree reckless homicide in exchange for [the petitioner's] guilty plea." Id. at 16. Judge Duffin observed that the Wisconsin Court of Appeals had denied the claim in part because "the lead prosecutor confirmed in an affidavit to the circuit court that no offer was ever contemplated, let alone communicated to

4

defense counsel." Id. (quoting Dkt. No. 1-2 at 28-29). He concluded that the petitioner had not proffered any evidence—aside from his own assertions—to support his claim that the prosecutor made such an offer. Id. For those reasons, Judge Duffin recommended that this court deny this ground for relief. This court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

    4. *Ineffective Assistance of Trial Counsel—Gunshot Residue Test*

The petition also argued that the petitioner's trial counsel was ineffective for failing to investigate the results of a gunshot residue test performed by police. Id. at 16. Judge Duffin agreed with the Wisconsin Court of Appeals that the results of the testing would have been immaterial, reasoning that

> even if the swabs taken from Dina's hands had been tested for gunshot residue, the test results would not have been material to [the petitioner's] defense. It was undisputed that Dina was shot in the chest at close range. If it were possible to reliably conclude that gunshot residue was on Dina's hands, [the petitioner] has failed to demonstrate that this would suggest that she had been reaching for the gun when it fired, as opposed to, for example, raising her hands in a defensive reaction to a gun being pointed at her or simply being in proximity to a gunshot.

Id. at 17-18. He recommended denying this ground for relief. This court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

    5. *Ineffective Assistance of Trial Counsel—Toxicology Report*

The petition contended that the petitioner's trial counsel was ineffective for failing to request an evidentiary hearing on the admissibility of the victim's toxicology results. Id. at 18. Judge Duffin found no error in trial counsel's failure to investigate the toxicology results because "any presence of controlled substances in [the victim's] blood following her death [was] irrelevant to [the petitioner's] defense at trial." Id. This court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

5

6. *Ineffective Assistance of Trial Counsel—Conflict of Interest*

The petitioner asserted that his trial counsel should have requested an evidentiary hearing to investigate a conflict of interest between the petitioner's former attorneys and the special prosecutor in the case, David Wambach. Id. at 19. Judge Duffin recounted that the petitioner's original two attorneys, Kent Hoffman and DeShea Morrow, had withdrawn as counsel and accepted positions with the Marinette County District Attorney's office. Id. Judge Duffin emphasized the fact that a special prosecutor—not the local district attorney who hired Hoffman and Morrow—had tried the case. Id. The special prosecutor also had submitted an affidavit to the Wisconsin Court of Appeals certifying that he had not received any information through any of the petitioner's former attorneys. Id. Judge Duffin found that the petitioner "had failed to demonstrate that any conflict of interest existed between the two attorneys who prosecuted him and those who defended him." Id. at 19. This court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

7. *Ineffective Assistance of Trial Counsel—Right to a Public Trial*

The petitioner also argued that his trial counsel was ineffective for withdrawing a motion for a mistrial. Id. at 20. Judge Duffin explained that one set of doors to the courthouse had been locked for a portion of the first day of the trial and that the petitioner's trial counsel had moved for a mistrial on that basis. Id. Judge Duffin recounted that the trial judge had concluded that the remedy would be for the testimony to be repeated; the petitioner's trial counsel decided not to repeat the damaging testimony and withdrew the motion for a mistrial. Id.

Judge Duffin concluded that "although one entrance was apparently locked for [] as much as two hours on the first day of trial, the public was able

6

to access the court through four other doors. The locking of one door did not deny [the petitioner] his Sixth Amendment right to a public trial." Id. This court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

        8.    *Ineffective Assistance of Appellate Counsel—Change of Venue*

The petitioner's next category of claims challenged the performance of his appellate counsel. Judge Duffin began by explaining the standard for the performance of appellate counsel: "'Appellate counsel is not required to raise every non-frivolous issue and her performance is deficient under *Strickland* only if she fails to argue an issue that is both "obvious" and "clearly stronger" than the issues actually raised.'" Id. at 21 (quoting Long v. Butler, 809 F.3d 299, 312 (7th Cir. 2015)).

The recommendation recounted that the petitioner had moved the trial court for a change of venue given the local pretrial publicity associated with the case; the *habeas* petition charged appellate counsel with ineffective performance for failing to raise the change of venue issue on appeal. Id. Judge Duffin noted:

> Although [the petitioner's] case had received some coverage in the local press, the trial court noted it was not inflammatory and it was long enough ago that the court suspected jurors would be unlikely to remember any details. (ECF No. 1-2 at 12.) Nonetheless, the court said it would revisit the issue if problems arose during jury selection. (ECF No. 1-2 at 12.) No such problems arose that could plausibly suggest a change of venue was necessary. (ECF No. 1-2 at 12.)

Id. at 23. Judge Duffin agreed with the Wisconsin courts, finding that the petitioner "has failed to show that 'pervasive and inflammatory pretrial publicity utterly corrupt[ed] the trial atmosphere' or that 'pretrial publicity created actual juror prejudice against him.'" Id. at 23 (quoting Willard v.

7

Pearson, 823 F.2d 1141, 1146 (7th Cir. 1987)). This court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

    9. *Ineffective Assistance of Appellate Counsel—Heinze Letter*

The petitioner argued that his appellate counsel should have appealed the trial court's admission of a letter that the petitioner wrote to Jessica Heinze. Id. at 23. Judge Duffin observed that Jessica Heinze was an inmate at the Marinette County Jail at the same time as the petitioner. Id. He further recounted that

> [t]he trial court admitted into evidence a letter that [the petitioner] wrote to Heinze that [the petitioner] decorated with multi-colored hearts. In the letter [the petitioner] told Heinze, "Don't be yelling in the vents to the other guys unless you make it clear to them that . . . you're my girl . . . and that we're a couple now." (ECF Nos. 16-9 at 242-43; *see also* 16-10 at 165.) He continued, "I just don't want to learn that someone else moved in and took you away because . . . they [sic] better hope I don't get moved by them or see them in the hall or visitors' area because I will go off on them. I can still hit very hard, and I don't back down. . . . They don't have a chance in hell." (ECF. 16-9 at 243-44).

Id. at 23-24. Judge Duffin found that the petitioner could not establish ineffective assistance of appellate counsel because he could not show that his argument about the Heinze letter was clearly stronger than his challenge to the Lorea Saunier other acts evidence. Id. at 24. Judge Duffin reasoned that the petitioner wrote the Heinze letter while he awaited trial for the murder of his wife—its recency made the case for its admissibility much stronger than the Lorea Saunier other acts evidence. This court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

    10. *Ineffective Assistance of Appellate Counsel—Statements*

Next, the petitioner asserted that his statements to police officers were involuntary and taken in violation of Miranda v. Arizona, 384 U.S. 436 (1966).

8

Id. at 26. Judge Duffin observed that the petitioner had exhausted this claim only through a challenge to the effectiveness of his appellate counsel. Id. After reviewing the context of the petitioner's statements and the public safety exception to Miranda, Judge Duffin remarked that when police arrived on the scene, "there clearly was an active emergency." Id. at 27. He wrote, "It was immediately after [the petitioner] inquired about whether medical help was on its way that [the officer] naturally asked [the petitioner], 'What happened?' Information as to how a person came to need medical attention is essential to providing effective aid." Id. Judge Duffin concluded that it was "wholly reasonable" for the petitioner's appellate counsel to forego arguing that the petitioner's statements to officers were inadmissible. Id. This court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

>   11.   *Ineffective Assistance of Appellate Counsel—Mike Evans's Statement*

The trial court allowed a statement made by the petitioner's brother, Mike Evans, to be played for the jury despite Mike's inability to recall making the statement. Id. at 27. The petitioner argued that his appellate counsel should have challenged this admission as violating the petitioner's confrontation clause rights. Id. at 28. Judge Duffin explained that in United States v. Owens, the Supreme Court concluded that there was no confrontation clause violation where the court admitted a victim's prior identification of the defendant as the assailant despite the fact that, at trial, the victim's impaired memory prevented him from again identifying the defendant. Id. at 29 (citing United States v. Owens, 484 U.S. 554 (1988)). He also held that "the confrontation clause is satisfied 'when the witness must look the accused in the eye in court' and is subject to cross-examination." Id. (citing United States v. Keeter, 130 F.3d 297, 302 (7th Cir. 1997)). Because the petitioner's brother

9

testified at trial and was subject to cross-examination by the petitioner's attorneys, Judge Duffin found that the petitioner's confrontation clause argument would have failed. Id. Consequently, the petitioner's appellate counsel was not ineffective for failing to raise it. Id. The court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

> 12. *Admission of Tracy Brabant's Testimony*

The petitioner argued that the trial court should not have allowed the victim's sister, Tracy Brabant, to testify that she overhead the victim tell the petitioner that she was divorcing him. Id. at 29-30. Judge Duffin repeated the Wisconsin Court of Appeals' recitation of the sister's testimony:

> The sister testified that on the day [the petitioner] damaged the victim's property, [the petitioner] came to her apartment three or four times to talk to the victim. On the third or fourth visit, [the petitioner] stated to the victim that they were still married, and she responded in a loud and vocal manner, "[W]ell, not for long because I am divorcing you and just . . . get that through your head and . . . leave me alone." Evans seemed very agitated and eventually left only to return later to do damage to the belongings.

Id. at 29-30 (quoting Dkt. No. 1-2 at 27, ¶10).

Judge Duffin concluded that the sister's statement was not hearsay because "[i]t was not admitted for the truth of the assertion that [the victim] was divorcing [the petitioner.] Rather, it was offered to show how [the petitioner] reacted to [the victim] telling him that she was divorcing him." Id. at 30. He also noted that the statement was relevant in undermining the petitioner's defense that the shooting was an accident. Id. Because the statement was not hearsay, Judge Duffin found that its admission did not violate the petitioner's confrontation clause rights and that the petitioner's trial and appellate counsel were not ineffective for failing to pursue this claim. Id.

10

(citing Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004)). This court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

           13.    *Prosecutorial Misconduct*

The petitioner alleged that the prosecutor had engaged in misconduct at trial. Id. at 31. Judge Duffin provided the context for that claim:

> At trial, Lorea Saunier testified that she observed [the petitioner] try to kill himself and that once [the petitioner] was taken away by an ambulance, she went to school. (ECF No. 16-9 at 480-81.) She later went to the hospital with her mother because, Lorea was told, [the petitioner] was refusing to allow the medical staff to take blood from him unless Lorea was there to hold his hand. (ECF No. 16-9 at 482.) The testimony was admitted over [the petitioner's] objections after the prosecutor explained that it was being offered not for the truth of the matter asserted but rather merely to explain why Lorea went to the hospital. (ECF No. 46-9 at 481-82.) The court ruled, "All right, for that purpose only." (ECF No. 16-9 at 482.)

Id. at 31-32.

The petitioner argued that the prosecutor engaged in misconduct by asking Lorea Saunier about the suicide attempt despite the trial court's ruling. Id. at 32 (citing Dkt. No. 1-1 at 6). Judge Duffin observed, however, that the trial court did not categorically exclude testimony about the suicide attempt; it "stated only that Lorea 'can't come in and just say people at the hospital called me and said get in here because we can't control him unless you're here to hold his hand.'" Id. (quoting Dkt. No. 16-8 at 312). Judge Duffin found that the trial court was remarking that if the state had presented the evidence in that way, it would have constituted hearsay. Id. He concluded that "setting aside questions of whether [the petitioner] properly presented this claim to all levels of the Wisconsin judiciary, the claim is meritless and does not warrant habeas relief." Id. This court finds no clear error with Judge Duffin's decision and will adopt his reasoning.

11

### 14. *Remaining Arguments*

Judge Duffin concluded by explaining to the petitioner that he would not review the claims the petitioner made in his second motion for post-conviction relief under Wis. Stat. §974.06. Id. at 32-33. Judge Duffin recounted that under what is referred to as the Escalona-Naranjo doctrine, the state court may dismiss claims contained in a second §974.06 motion unless the defendant can show "'a sufficient reason for why the claims were not raised on direct appeal or in a previous §974.06 motion.'" Id. at 34 (quoting State v. Lo, 264 Wis.2d 1 (2003)). Judge Duffin noted that the Wisconsin Court of Appeals relied upon this principle in its summary dismissal of the petitioner's second §974.06 motion and that the dismissal rendered the claims in the petitioner's second §974.06 motion procedurally defaulted in federal court. Id. Judge Duffin found that the petitioner had not demonstrated cause and prejudice to excuse his default, nor had he shown that a failure to consider the claims would result in a fundamental miscarriage of justice. Id. Accordingly, Judge Duffin concluded that federal *habeas* relief was not available on these claims. This court agrees with Judge Duffin's recommendation and will adopt his reasoning.

Judge Duffin observed that the petitioner had argued that his appellate counsel's ineffectiveness should excuse his procedural default on his claims about statements to police officers, change of venue, his brother's recorded statements, his letters to Heinze, prosecutorial misconduct and the admission of expert testimony. Id. at 34. Judge Duffin remarked that he already had set aside possible procedural default and considered each of these claims on their merits, and because each claim failed on the merits, Judge Duffin did not further consider the argument. Id. at 35. This court agrees with Judge Duffin's recommendation and will adopt his reasoning.

Judge Duffin also recounted that the petitioner had made similar arguments about his post-conviction counsel:

> To the extent [the petitioner] defaulted his claims regarding the state's alleged plea offer, the failure to investigate the gunshot residue test results, the failure to request an evidentiary hearing regarding the toxicology report, the alleged conflict of interest, the withdrawal of the motion for mistral, the failure to call Sharon and Robert Saunier as witnesses, the failure to call Matthew and April Colangelo as witnesses, the failure to object to the prosecutor's voir dire, and the failure to object to the prosecutor's opening statements, then, [the petitioner] argues that his post-conviction counsel was ineffective.

Id. at 35. Judge Duffin rejected this argument for two reasons: because the petitioner had no constitutional right to effective assistance of counsel in his post-conviction proceedings, id. (citing Ross v. Moffitt, 417 U.S. 600, 616 (1974); Pennsylvania v. Finley, 481 U.S. 551, 556 (1987)); and because the petitioner represented himself in proceedings after his direct appeal, and "a party who chooses to represent himself cannot later claim that his representation was ineffective." Id. at 35 (citing Faretta v. California, 422 U.S. 806, 834 (1975)). This court agrees with Judge Duffin's recommendation and will adopt his reasoning.

Finally, Judge Duffin rejected the petitioner's argument that the cumulative effect of the alleged errors resulted in a violation of the petitioner's right to due process; he found no error in the petitioner's conviction. This court agrees with Judge Duffin's recommendation and will adopt it, in full.

### III. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard

for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 472, 484 (2000). Judge Duffin recommended that this court decline to grant a certificate of appealability; this court accepts that recommendation. No reasonable jurist could debate that the petitioner's claims for *habeas* relief under 28 U.S.C. §2254 should be denied.

## IV. Conclusion

The court **ADOPTS** Judge Duffin's report and recommendation in full. Dkt. No. 28.

The court **DENIES** the petition for writ of *habeas corpus*. Dkt. No. 1.

The court **ORDERS** that this case is **DISMISSED.** The clerk will enter judgment accordingly.

The court **DECLINES TO ISSUE** a certificate of appealability.

Dated in Milwaukee, Wisconsin this 29th day of November, 2019.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**